Theresa HOWE

v.

James HOWE.

No. 99–215–Appeal.

Supreme Court of Rhode Island.

July 20, 2000.

Donald R. Lembo, North Providence.

Christine L. McBurney, Pawtucket.

## ORDER

This case came before the Court on May 10, 2000, on defendant's appeal from a Family Court decision pending entry of final judgment of divorce. We directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we

---

are of the opinion that cause has not been shown. Therefore, we shall decide the case at this time.

On January 4, 1999, the plaintiff, Theresa Howe (plaintiff), filed a complaint for divorce from the defendant, James Howe (defendant), on the ground that irreconcilable differences had caused the irremediable breakdown of their marriage. The couple had been living separate and apart since 1992 and had no minor children. In a written motion alleging that "the Constable has tried numerous times to serve the [d]efendant with a [c]omplaint for [d]ivorce and he is avoiding said service," plaintiff sought alternative service of process, specifically, tack-on service.[1] Following a hearing on February 18, the hearing justice granted the motion, ordering that the complaint for divorce be served by tack-on service. It appears from the record that a constable served a copy of the complaint for divorce upon defendant by tack-on service at his residence in North Providence, Rhode Island, on February 18, 1999. Also, it appears that on March 10, and again on March 16, a constable served defendant, by tack-on service, with notice of a hearing scheduled for March 18, 1999, in the Family Court.

Following the March 18 hearing, at which defendant was not present, the trial justice entered a decision pending entry of final judgment, wherein he declared defendant in default and granted plaintiff's complaint for divorce. Additionally, he ordered that a settlement agreement executed by the parties on September 13, 1996, be incorporated, but not merged, into the judgment of divorce, and he permanently denied defendant alimony, but left open the issue of alimony for plaintiff. On March 31, 1999, the hearing justice granted plaintiff's petition to enforce the September 13, 1996 settlement agreement, and ordered defendant to pay $200 per week to plaintiff pursuant to that agreement. The defendant has appealed both orders.

On appeal, defendant argued that the trial justice erred in granting plaintiff's motion for alternative service, because no evidence was presented to the trial justice demonstrating that the constable, despite diligent efforts, was unable to personally serve the complaint for divorce upon defendant. Further, defendant argued that, due to the ineffective service, the judgment of divorce and the order of support are erroneous and void. Despite the well-settled principle that we will not disturb the findings of a trial justice sitting without a jury unless those findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence, we agree with defendant's contention.

General Laws 1956 § 15–5–20, entitled "Service on or notice to defendant," provides that, "[n]o person shall be entitled to a divorce from the bond of marriage unless the defendant shall, in accordance with rules adopted by the court, have been personally served with process if within the state * * *." Further, Rule 4(d)(1) of the Rules of Procedure for Domestic Relations provides that, in an action for divorce, service shall be made as follows:

"by delivering a copy of the summons and complaint to the individual personally or, if the person serving the process *makes return that after diligent effort he or she has been unable to serve the defendant personally,* by any other method ordered by the court to give notice of the action to the defendant * * *." (Emphasis added.)

Thus, to be entitled to make alternative service upon a party in an action for divorce, it must be shown that the person attempting to serve the party has been unable to effect personal service, despite the constable's diligent efforts. In the present case, there was no showing to the hearing justice that the constable "[made]

<hr/>

1. "Tack-on" service refers to the "affixation" of a summons to the door of a defendant's residence by the use of a nail, tack, tape, rubber band, or some other device that will ensure adherence. 62B Am.Jur.2d *Process* §§ 207, 220 (1990).

return that after diligent effort he * * * [was] unable to serve the defendant personally," as required by Rule 4(d)(1). Beyond the bare allegations by plaintiff's attorney that the constable had made numerous unsuccessful attempts to serve defendant, it does not appear that the hearing justice was presented with any evidence that the requirements of Rule 4(d)(1) had been satisfied.

Accordingly, we are satisfied that the hearing justice was clearly wrong in allowing plaintiff to make service of process upon defendant by tack-on service, and the Family Court lacked in personam jurisdiction over the defendant for any purpose, including the complaint for divorce and any enforcement proceeding.

For the foregoing reasons, the defendant's appeal is sustained and the judgments of the Family Court are vacated. The papers of the case may be remanded to the Family Court.